IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VAN ALSTYNE INDEPENDENT SCHOOL DISTRICT, Plaintiff | § § § § § § § § § § § | CIVIL ACTION NO. 4: 09cv89 |
| V. | | |
| ANDRE S. and SHANNON S. as next friends of CHASE S., a minor child, Defendants | | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW DEFENDANTS, Andre S. and Shannon S. as next friends of Chase S. a minor child and file their Original Answer to Plaintiff's Original Complaint as follows:

Defendants assert that Plaintiff's Original Complaint fails to comply with FEDERAL RULES OF CIVIL PROCEDURE Rule 8 (a) and (d)[1] and as such could be dismissed in its entirety. However, because the pleading arguably provides notice of Plaintiff's objections to the hearing officer's decision, Defendants answers as follows:

---

[1] Federal Rules Of Civil Procedure Rule 8(a) states "A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction...(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought..." (d) states "Pleading to be Concise and Direct... (1) In General. Each allegation must be simple, concise and direct..." *See McCoy v. Providence Journal Co.,* 190 F.2d 760, 766 (1st Cir. 1951) (stating that a motion to strike would have been appropriate and that it was "hard to imagine a pleading more completely at variance with both the letter and the spirit" of the rule requiring that "each averment of a pleading be "'simple, consise, and direct'" where the pleading was "argumentative, prolix, redundant, and verbose" and included "evidentiary matter, including purported statements made by some of the defendants" and "even legal arguments supported by citation of

1

## PARTIES

1.1. Defendants admit that as alleged in Paragraph 1.1 that Van Alstyne ISD is a public school district located in Grayson County, Texas; that Van Alstyne ISD is a rural school district that along with other rural school district is a member of the Grayson County Special Education Cooperative. Defendants further admit that the purpose of a special education cooperative is to provide appropriate special education services and programs to the students of their member school districts.

1.2. Defendants admit that Andre S. and Shannon S. are the parents and next friends for Chase S.; that Chase S. is a minor child and a special education student who attends school in the Van Alstyne ISD, as alleged in Paragraph 1.2. Defendants admit that Andre S. and Shannon S. were personally served with process. Defendants deny the remainder of Paragraph 1.2.

## JURISDICTION

2.1. Defendants admit that this Court has jurisdiction over this case as alleged in Paragraph 2.1

---

cases.")

## STATEMENT OF FACTS

3.1. Defendants admit that a special education due process hearing was conducted on October 16 and 17 on this matter and that an administrative record of the testimony and exhibits for the hearing was created as alleged in Paragraph 3.1. Defendants deny remainder of Paragraph 3.1 because except where Plaintiff quotes the actual record verbatim, Plaintiff's summary does not fully or accurately portray the complete record of the proceedings below. The Hearing Officer ruled for Defendants. The ruling is supported by legally sufficient evidence and good cause in the record, which Plaintiff has selectively and intentionally ignored. Defendants incorporate the entire record of the proceedings below herein by reference, including the portions Plaintiff ignored which aptly demonstrate why its appeal is without merit.

3.2. Defendants admit the factual allegations in Paragraph 3.2.

3.3. Defendants admit the factual allegations in Paragraph 3.3 that at the time of the due process hearing, Chase spent 4 hours in resource and three hours in an inclusive setting. Defendants deny remainder of Paragraph 3.3 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.4. Defendants admit that Van Alstyne ISD's employees testified that Van Alstyne ISD's elementary school does not have any students who are Chase's peers in its resource classroom. Defendants deny remainder of Paragraph 3.4 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.5.  Defendants admit that all of the Van Alstyne educators who testified in the due process hearing for this matter stated that the reason for their recommendation that Chase be placed in life skills program was so that he could learn and socialize with peers. Defendants admit that the Grayson County Special Education Cooperative Life Skills program is located in Gunter, Texas and is 11 miles from Chase's home. Defendants deny remainder of Paragraph 3.5 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.6.  Defendants deny the allegations of Paragraph 3.6 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.7.  Defendants deny the allegations of Paragraph 3.7 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.8.  Defendants admit that Van Alstyne ISD's witnesses provided opinion testimony at the due process hearing regarding the life skills classroom; Defendants deny remainder of Paragraph 3.8 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.9.  Defendants admit Chase's parents do not want him to be placed in a life skills program. Defendants deny remainder of Paragraph 3.9 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

3.10. Defendants admit that Chase's parents filed a request for an IDEA due process hearing. Defendants deny remainder of Paragraph 3.10 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

4.1.  Defendants refer to and incorporate all previous admissions and denials with

        regard to any allegations which Plaintiff re-alleges and incorporates under Paragraph 4.1.

4.2.    Defendants deny that Paragraph 4.2 meets the requirements of FEDERAL RULES OF CIVIL PROCEDURE (FRCP) 8 (a) and (d), however, to the extent that it requires an answer, Defendants admit the allegations of Paragraph 4.2

4.3.    Defendants deny that Paragraph 4.3 meets the requirements of FRCP 8(a) and (d), however to the extent that it requires an answer, Defendants deny the allegations in Paragraph 4.3.

4.4.    Defendants admit they filed a written request for a due process hearing under the IDEA, 20 U. S. C. §1415 on or about August 21, 2008. Defendants deny the remainder of the allegations of Paragraph 4.4 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

4.5.    Defendants admit that on or about November 24, 2008, the special education hearing officer rendered her written decision which ordered the continued placement of Chase S. in the regular education classroom at Van Alstyne Elementary School with Resource classroom support, and not to remove Student to the centralized self-contained life skills classroom in Gunter ISD as alleged in Paragraph 4.5. Defendants deny that the remainder of Paragraph 4.5 meets the requirements of FRCP 8(a) and (d), however, to the extent that a response is required, Defendants deny the remainder of the allegations in Paragraph 4.5.

4.6.    Defendants deny that Paragraph 4.6 meet the requirements of FRCP 8(a) and (d) however to the extent that a response is required, Defendants deny the allegations

in Paragraph 4.6.

4.7. Defendants deny that Paragraph 4.7 meets the requirements of FRCP 8(a) and (d) however to the extent that a response is required, Defendants deny the allegations in Paragraph 4.7.

4.8. Defendants deny that Paragraph 4.8 meets the requirements of FRCP 8(a) and (d), however to the extent that a response is required, Defendants deny the allegations in Paragraph 4.8.

4.9. Defendants deny the allegations in Paragraph 4.9 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

4.10. Defendants deny that Paragraph 4.10 meets the requirements of FRCP 8(a) and (d). However to the extent that a response is required, Defendants deny the allegations in Paragraph 4.10.

4.11. Defendants deny the allegations in Paragraph 4.11 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

4.12. Defendants admit they are contesting Plaintiffs proposed placement in the life skills class in Gunter ISD. Defendants deny the remaining allegations in Paragraph 4.12 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

4.13. Defendants deny the allegations in Paragraph 4.13 on the same grounds as the denial alleged in Defendants Paragraph 3.1.

5.1. Defendants admit that Plaintiffs seek the relief reflected in Paragraph 5.1 but deny that Plaintiff is entitled to such relief.

5.2. Defendants admit that Plaintiffs seek addition relief as alleged in Paragraph 5.2, but deny that they are entitled to it.

## GENERAL DENIAL AND
## COUNTERCLAIM FOR ATTORNEY'S FEES

6.1. Any allegation not expressly admitted by Defendants is denied.

6.2. Defendants, as prevailing parties in a due process hearing, are entitled to and seek an award of their attorney's fees and costs pursuant to IDEA, 20 U.S.C. § 1415 (i)(3)(B)(i)(I).

## PRAYER

Chase S, and Andre and Shannon S pray this Court will enter a judgment that:

7.1. Affirms in its entirety the hearing decision of November 24, 2008;

7.2. Orders Van Alstyne ISD to provide Chase S.'s educational services in a regular education classroom to the maximum extent appropriate with the provision of supplementary aids and services, including, but not limited to:

   (i) a classroom aide;

   (ii) use of classroom modifications such as reduced assignments, manipulatives, extra time for tests and assignments, modified curriculum, and other similar accommodations;

   (iii) access to appropriate resource classroom assistance and other related services as shown necessary by his assessments.

7.3. Awards Defendants their attorney's fees, expert witness fees and costs; and

7.4.   Orders all such other relief as the Court may deem just, equitable and proper.

                        Respectfully submitted

                        */s/ Elise Mitchell*
                        Elise Mitchell, Lead Counsel
                        State Bar No. 01478720

                        Susan D. Motley
                        State Bar No. 24002655

                        Advocacy, Incorporated
                        1420 W. Mockingbird Lane, Suite 450
                        Dallas, Texas 75247
                        Email:  emitchell@advocacyinc.org
                                    smotley@advocacyinc.org
                        Tel.  214-630-0916
                        Fax 214-630-3472

                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that true and correct copy of the forgoing was sent by U.S. Mail with sufficient postage to ensure delivery to Charles J. Crawford, and Marianna M. McGowan, attorneys of record for plaintiffs, on this the 16th day of March, 2009.

_____
Elise Mitchell