IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VAN ALSTYNE INDEPENDENT SCHOOL DISTRICT, <br><br> Plaintiff, <br><br> v. <br><br> ANDRE S. and SHANNON S., as next friends for CHASE S., <br><br> Defendants. | CIVIL ACTION NO. 4:09-cv-89 |

# DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF MOOTNESS

Andre S. and Shannon S., as next friends for Chase S., respectfully ask this Court to dismiss this case on grounds of mootness. This case is an appeal by the Van Alstyne Independent School District ("VAISD") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. VAISD challenges an unfavorable (although correct) ruling of an administrative hearing officer concerning the proper placement of Chase, an eight-year old child, within VAISD.[1] However, due to changed circumstances after the filing of this lawsuit, this case should be dismissed as **MOOT** for at least the following reasons:

- Chase no longer attends school in Van Alstyne Independent School District. In late February 2009, Chase's parents withdrew Chase from Van Alstyne Elementary School in VAISD and enrolled him at Joe K. Bryant Elementary School in the Anna Independent School District ("Anna ISD"). As a result, this Court cannot provide the relief sought by VAISD. Any decision by this Court will be an advisory opinion, having no effect on Chase's placement at any Van Alstyne school.

- None of the exceptions to the mootness doctrine apply. The "capable of repetition yet evading review" exception applies only in "narrow" and "exceptional" cases and is not met here. Chase's parents have no intention of returning Chase to VAISD and, even if future events required Chase to return to VAISD, Chase's progress and development at his new school confirms that the same issue regarding Chase's placement in a "life skills" classroom would not arise again.

The only remaining issue is Chase's parents' application for attorneys' fees and costs.[2] (Defendants' Orig. Ans., ¶¶ 6.2, 7.3).

## BACKGROUND

Chase is an eight-year old child with a speech impediment and mild-to-moderate mental retardation. Exh. A, ¶ 3. In June 2009, he completed the second grade at Joe K. Bryant Elementary School ("Joe K. Bryant") in Anna ISD. Declaration of Shannon S., ¶ 10 ("Exh. B").

---

[1] A true and correct copy of the administrative hearing officer's decision is attached as Exhibit A.

[2] Chase's parents application for attorneys' fees and costs does not trigger an exception to mootness. *See Doe v. Marshall*, 622 F.2d 118, 119–20 (5th Cir. 1980) ("[A] termination of mootness neither precludes nor is precluded by an award of attorneys' fees."); *S-1 v. Spangler*, 832 F.2d 294, 297 & n.1 (4th Cir. 1987) ("The fact that the parents still assert a claim for costs and attorney's fees against the State Boar and Spangler does not avert mootness of the underlying action on the merits.").

Chase will start the third grade at Joe K. Bryant in August 2009. Exh. B, ¶ 2. Under his new IEP, issued by Joe K. Bryant, Chase will spend at least four hours per day in the general education classroom and the remaining hours in a special-education classroom. Exh. B, ¶ 11.[3]

This case arises out of Chase's prior attendance at Van Alstyne Elementary School in the Van Alstyne Independent School District ("VAISD"). In May 2007, near the end of Chase's kindergarten year, Chase's Annual Review and Dismissal ("ARD") committee met to determine Chase's Individualized Education Plan ("IEP")[4] for his first-grade year (2007–2008). Exh. A, ¶ 11. For the first time, VAISD officials sought to move Chase to a "life skills" program at a neighboring school district. Exh. A, ¶ 11. Specifically, VAISD officials wanted to move Chase to the Grayson County Special Education Co-Op Life Skills classroom located at Gunter Elementary School in the Gunter Independent School District ("Gunter ISD"). In a life skills program, educators teach special-education students only those skills necessary to survive in everyday life, such as basic math skills (like counting money) and hygiene. In effect, placement in a life skills program assumes the student does not have the capability to continue learning through the general curriculum. Chase's parents disagreed with the placement. Exh. A, ¶ 11. Ultimately, Chase's parents and VAISD officials entered into a settlement agreement that would allow Chase to spend three hours in the general education classroom and four hours in a special-education "resource" classroom. Exh. A, ¶ 12.

---

[3] Chase has done very well at Anna ISD. For instance, starting in August 2009, Chase will receive his math instruction in the regular third grade class. Exh. B, ¶ 11.

[4] "The 'centerpiece' of the IDEA's education delivery system is the 'individualized education program,' or 'IEP.'" *Murphy v. Arlington Cent. Sch. Dist. Board of Educ.*, 297 F.3d 195, 197 (2d Cir. 2002) (quoting *Honig v. Doe*, 484 U.S. 305, 311 (1988)); *see also* 20 U.S.C. § 1414(d) (defining and describing the development, review, and revision of an IEP). "The IEP, the result of collaborations between parents, educators, and representatives of the school district, 'sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives.'" *Murphy*, 297 F.3d at 197 (quoting *Honig*, 484 U.S. at 311).

Chase's ARD committee met several times during his first-grade year. Exh. A, ¶¶ 15–18. Each time the district members suggesting that Chase should be moved to the life skills program in Grayson ISD. *Id.* VAISD believed that the life skills program was the appropriate placement for Chase, even though he "was making progress with the current IEP in place and was a joy to have in the classroom." Exh. A, ¶ 15. With the settlement agreement in place guaranteeing Chase's placement, Chase's parents and school officials ultimately decided to leave Chase in VAISD through the end of his first-grade year. *See* Exh. A, ¶¶ 19–21.

In May 2008, Chase's ARD committee reconvened to discuss Chase's IEP for second grade (the 2008–2009 school year). Exh. A, ¶ 22. Despite finding that Chase "continued to make education progress in the regular education classroom with resource support" in VAISD, that Chase was a "very motivated learner," and that Chase's "behaviors do not appear to keep him or others from learning," VAISD school officials again proposed moving Chase to the "life skills" program at Gunter Elementary School for his second-grade year. Exh. A, ¶ 21–22. Chase's parents subsequently requested a "due process hearing" to address VAISD's attempt to remove Chase from his home campus and placed in the life skills classroom in Gunter ISD. Exh. A, ¶ 23; *see* 20 U.S.C. § 1415(f) (if the parents and school cannot agree on the contents of the IEP, either party may request a due process hearing).

### A. The Hearing Officer Rejected VAISD's Attempt To Move Chase Into A "Life Skills" Program In Gunter ISD

The only issue before the administrative hearing officer was whether Chase needed to be placed "in the centralized, self-contained Life Skills classroom located at Gunter ISD." Exh. A., at 8. VAISD argued that such placement would give Chase additional opportunities for interacting with disabled peers, because his resource classroom in VAISD did not contain any

students in Chase's age group. Exh. A, ¶ 28.[5] The administrative hearing officer rejected VAISD's argument, finding that Chase's placement into the "life skills" program would be "more restrictive, because it removes [Chase] from contact with non-disabled peers from the home school community. Additionally, by virtue of [Chase's] placement in the self-contained Life Skills classroom, [Chase] would not be a member of any general education classroom as he is at Van Alstyne Elementary, such that [Chase's] interaction with non-disabled peers is reduced in quantity and quality." Exh. A, ¶ 28. Moreover, the hearing officer noted the following:

> In light of the fact that the evidence established clearly that [Chase] was provided a [free appropriate public education (FAPE)] in the general education with Resource classroom support for Life Skills academics, it is impossible for this Hearing Officer to find that [Chase] must be removed from his home school to a self-contained Life Skills classroom. ***The Life Skills classroom at the Gunter elementary is simply not a necessary placement to implement [Chase's] IEP***.

Exh. A, p. 10 (emphasis added). The hearing officer recognized that VAISD's "position in this case is more often" the position of parents "who desire placement in specialized schools at public expense." Exh. A, p. 10. But where, as here, Chase's "work samples show participation in the general education curriculum at his home campus, implementation of the IEP[,] and provision of FAPE, there can be no legal justification for removal." Exh. A, p. 11. In other words, Chase did not need to be in a "life skills" classroom. The hearing officer ordered that VAISD continue Chase's placement in the regular education classroom at Van Alstyne Elementary School with resource classroom support. Exh. A, p. 12.

### B. VAISD Asks This Court For Prospective Relief That Would Allow It To Put Chase In The Life Skills Program At Gunter Independent School District

In the present action, VAISD asks this Court to review Chase's May 2008 IEP and

---

[5] Notably, the administrative hearing officer found that VAISD "agree[d] that [Chase's] previously agreed upon special education is appropriate and has allowed [Chase] to make educational progress . . . ." Exh. A, ¶ 28.

determine whether, consistent with the IDEA, VAISD can move Chase to the life skills classroom in Gunter ISD. Importantly, neither VAISD or Chase's parents are seeking money damages in this matter. Chase's parents are not asking VAISD to expend additional resources, or to provide additional services, to Chase. Indeed, the only relief sought by Chase's parents is an award of attorneys fees and costs, which they are entitled to as "prevailing parties" under 20 U.S.C. § 1415(i)(3)(B)(i)(I). Defendants' Orig. Ans. (Docket No. 11), ¶¶ 6.2, 7.3.

### C. Chase's Parents Have Taken Chase Out Of VAISD And Enrolled Him In The Anna Independent School District

Chase no longer attends Van Alstyne Elementary School in VAISD. In late February 2009, after the commencement this action by VAISD, Chase's parents removed Chase from Van Alstyne Elementary School and placed him in Joe K. Bryant Elementary School in the Anna ISD. Exh. B, ¶ 9. Chase is able to attend school in Anna ISD because his mother is employed by the school district. *Id.*

Chase is doing considerably well at Anna ISD. In April 2009, approximately 30 days after starting at Joe K. Bryant, Chase's parents met with Chase's educators and formulated a new IEP for Chase. Exh. B, ¶ 10. The April 2009 IEP is very similar to Chase's prior arrangement with VAISD, absent any suggested move to a life skills classroom, and will govern Chase's placement and resources for the 2009-2010 school year (third grade). *Id.* Specifically, under the April 2009 IEP, Chase will spend approximately half his day in the general education classroom and approximately half his day in a special-education resource classroom. *Id.* Notably, at the end of the 2008–2009 school year, after having Chase as a student for three months and evaluating his ability, development, and needs, no one at Joe K. Bryant Elementary School or within the Anna ISD has sought to modify, amend, or otherwise change Chase's IEP for the 2009-2010 school year. No one has requested Chase attend any summer school programs. And

no one has sought to remove Chase from his current placement and put him into a "life skills" program, as sought by VAISD. *Id.*

## STATEMENT OF ISSUES

Whether VAISD's appeal of the administrative hearing officer's decision should be dismissed as moot because Chase no longer attends any school within VAISD and his parents have no intention of returning him to VAISD.

## ARGUMENT AND AUTHORITIES

This case is moot. Chase no longer attends any school in VAISD. Any decision from this Court will have no effect on Chase's placement in any VAISD school.

### I. THIS CASE IS MOOT BECAUSE CHASE NO LONGER ATTENDS SCHOOL IN THE VAN ALSTYNE INDEPENDENT SCHOOL DISTRICT

This Court cannot provide the relief sought by VAISD in this matter. VAISD asks this Court to overturn the administrative hearing officer's decision and allow VAISD to move Chase from a general education and resource classroom on his home campus in VAISD to a "life skills" classroom in the Gunter Independent School District. But any order from this Court will have no effect on Chase's placement—either in VAISD or in the Gunter school district—because Chase no longer attends Van Alstyne Elementary School in VAISD. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (holding that a case becomes moot when a court's decision can no longer affect the rights of the litigants before them and simply would be "an opinion advising what the law would be upon a hypothetical state of facts"); *see also DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (noting that the "starting point" for an analysis of mootness if the "familiar proposition that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them" (internal quotation and citation omitted)).

The Fifth Circuit has recognized that "any set of circumstances that eliminates actual

controversy after the commencement of a lawsuit renders that action moot." *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). In late February 2009, Chase's parents removed him from VAISD and enrolled him at Joe K. Bryant Elementary School in the Anna Independent School District. Exh. B, ¶ 10. Chase's parents have no intention of returning Chase to Van Alstyne Elementary School. Exh. B, ¶ 12. Chase has received a new IEP at Joe K. Bryant Elementary in Anna ISD, which will control his placement and services during his third-grade year (i.e., the 2009-2010 school year). *See* Exh. B, ¶ 11. As a result, there is no longer any on-going, actual controversy between VAISD and Chase's parents with regard to Chase's placement in any VAISD school. This Court's jurisdiction is limited to actual, ongoing controversies at all stages of litigation—not just when the case is filed. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). Without an ongoing controversy, this Court must dismiss this case as moot. *Eddins v. Excelsior Independent Sch. Dist.*, 88 F.Supp.2d 695, 701 (E.D. Tex. 2000) ("A federal court must dismiss an action for want of jurisdiction when a case or controversy ceases to exist.").

Courts have frequently found IDEA cases moot under similar factual scenarios. *See Brown v. Bartholomew Consolidated School Corp.*, 442 F.3d 558 (7th Cir. 2006); *see also Bd. Of Educ. Of Downers Grove Grade School District No. 58 v. Steven L.*, 89 F.3d 464 (7th Cir. 1996) (vacating district court because case was moot; child was in different school, different grade, with different IEP); *School Dist. Of River Falls v. Iverson*, 2000 WL 274159 (7th Cir. Dec. 16, 1999) (dismissing appeal related to the appropriateness of an IEP as moot). *Brown v. Bartholomew Consolidated School Corp.* is instructive. There, the Seventh Circuit reviewed a case where the family had enrolled the student at a new school, following relocation, and the student was given a new IEP in the new school district. *Brown*, 442 F.3d at 596. The Seventh

Circuit recognized that "[w]hat was right for [the student] in kindergarten may not be the proper educational program when he enters the third grade." *Id.* at 599. The Seventh Circuit recognized that any decision on the student's kindergarten IEP would be an advisory opinion because it would do nothing "to define the contours of the parties' continuing legal relationship under the IDEA such that future repetitions of the injury could be avoided." *Id.* at 599–600.

This case is no different: Chase no longer attends school in VAISD, he has a new IEP in the Anna ISD, and any decision by this Court would be merely an advisory opinion, having no effect on the parties on going rights. Therefore, this case is moot.

## II. VAN ALSTYNE INDEPENDENT SCHOOL CANNOT SHOW THAT THE "CAPABLE OF REPETITION" MOOTNESS EXCEPTION APPLIES

This case does not fit within any of the exceptions to the mootness doctrine.[6] VAISD cannot show that this case meets the "capable of repetition yet evading review" exception to the mootness doctrine. Courts have repeatedly held that the "capable of repetition" exception is exceptionally "narrow" and reserved only for the most extreme cases. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again by subjected to the alleged illegality."). VAISD must show that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" <u>and</u> that "(2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). VAISD cannot show <u>either</u> requirement in this case. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)

---

[6] The "voluntary cessation" exception to mootness applies only when the voluntary cessation of the complained-of activity by the defendant occurs *because of* the lawsuit filed against it. *See, e.g.*, *Size v. INS*, 153 F.3d 1005, 1008–09 (9th Cir. 1998). Here, Chase's parents did not move Chase from Van Alstyne Elementary School in response to the lawsuit. Indeed, Chase's parents had no reason to take Chase out of VAISD because the "stay put" provision prevented VAISD from changing Chase's placement while this litigation was pending.

**Defendants' Motion to Dismiss on Grounds of Mootness** **Page 9**

(requiring both circumstances "simultaneously present" in order to fit case into mootness exception).

> A. **VAISD's dispute with the administrative hearing officer's decision is over the legal status of cooperative education programs, which is not an issue specific to Chase or his IEP**

VAISD cannot show that the "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Murphy*, 455 U.S. at 482. This factor must be viewed through the lens of the relief sought by VAISD's complaint. Here, VAISD challenges the adverse decision of the administrative hearing officer that prevents VAISD from moving students to the Grayson ISD life skills program. Orig. Cmplt., ¶ 5.1. In effect, VAISD seeks to litigate the propriety of small school districts combining resources to supply certain special-education services to students in order to reduce or defray costs. Nothing about this issue is unique to Chase. And there is nothing about it that suggests it will not arise in another case where, unlike here, the student <u>needs</u> to be in a life skills program and where the student has not left the district. Indeed, this case is about what is best for Chase—that is, whether VAISD's attempt to move Chase into a life skills program is necessary to provide him with a FAPE when it is undisputed that he was already receiving a FAPE at VAISD.

> B. **There is no possibility—let alone, a reasonable expectation—that Chase's parents will return Chase to Joe K. Bryant Elementary School in VAISD**

VAISD cannot fit this case into the "capable of repetition yet evading review" exception to mootness because there is no possibility—let alone, a reasonable expectation—that VAISD will be faced with the issue of Chase's placement in the Gunter life skills classroom again. Indeed, VAISD cannot avoid mootness by arguing that it could potentially be faced with the same issue in the future with a student other Chase. The "capable of repetition" exception turns

on whether the same dispute will arise between the same parties—that is, Chase and VAISD.[7]

Here, Chase's parents have no intention of returning Chase to VAISD. Exh. B, ¶ 12.[8] Chase's parents intend to keep Chase in Anna ISD. *Id.* Chase has showed considerable progress and success at Joe K. Bryant Elementary School in Anna ISD. Exh. B, ¶¶ 10-11. Notably, Chase received a new IEP that does not require, or suggest any need for, placement in a life skills program. Exh. B, ¶ 11. Further confirming that VAISD's attempt to place Chase in a life skills program was unnecessary, Anna ISD has moved Chase out of special-education math and into a general education classroom for the third-grade year. Exh. B, ¶ 11. No one at Joe K. Bryant Elementary School has suggested Chase attended summer school before entering the third grade in the fall; moreover, after evaluating Chase for several months, no one in Anna ISD has sought to modify Chase's IEP to place him in any sort of life skills program. *See* Exh. B, ¶ 11.

VAISD must present something more than a speculative suggestion that it would face the same issue of Chase's placement in the Gunter ISD life skills program at some point in the future. *Murphy*, 455 U.S. at 482 (recognizing that "[t]he Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the" capable-of-repetition mootness exception). Here, VAISD will likely resort to a multi-stage series of hypothetical events—

---

[7] *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam) (finding that case did not meet mootness exception where no demonstrated probability that both parties faced with same issue a second time). The Seventh Circuit recognized this in *Stephen L.*, holding that the case was moot because "there is no reasonable expectation, much less a demonstrated probability, that the same controversy will recur between [the student] and the school district." *Steven L.*, 89 F.3d at 468; *see also Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) ("[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." (internal quotation marks and citation omitted)).

[8] *Cf. Hughes v. District School Board of Collier County*, 2007 WL 4709325, *6 (M.D. Fla. Sept. 22, 2008) (finding case not moot even though parents moved student to different school district where, unlike here, the parent provided an affidavit stating that he "plans on having his son return to [the school district] when the School Board is willing to provide him with FAPE and his other rights as a person with disabilities"); *Essen v. Board of Education of Ithaca City School District*, 1996 WL 191948, *5 (N.D.N.Y. April, 15 1996) (same).

namely, that Chase's mother could lose her job, precluding Chase from attending school in Anna ISD; that Chase's parents would have no option other than returning Chase to a VAISD school; and that at that undefined point in the future, Chase would need to be placed in the Grayson ISD "life skills" program.[9]

Such an attenuated set of hypothetical events cannot change the fact that any decision by this Court will have no effect on Chase's placement in any VAISD school. Moreover, the Fifth Circuit has held that such multi-stage hypotheticals were too "remote and speculative" to defeat mootness. *See C. & S. W. Servs., Inc. v. EPA*, 220 F.3d 683, 700–01 (5th Cir. 2000) (finding case moot where plaintiff linked together several predicate events before being harmed by same defendant's conduct); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981) (refusing to apply the capable-of-repetition doctrine where recurrence required, first, that the plaintiff alter its pollution-discharge policies, and second, that the EPA choose to pursue action against the plaintiff). Moreover, even if VAISD's string of hypothetical events were triggered by Chase's mother losing her job in Anna ISD, Chase's parents have no intention of returning Chase to any VAISD school. Exh. B, ¶ 12. Indeed, Chase's parents would do whatever they have to do to be able to keep him at Anna ISD. Exh. B, ¶ 13. And, more importantly, Chase's educational development and progress at Joe K. Bryant Elementary School confirms that there is little chance that VAISD, at some hypothetical point in the future, will be faced with the question of whether Chase should be placed into a life skills program.

For these reasons, VAISD cannot show that this case fits within the "capable of repetition

---

[9] This case is distinguishable from the Fifth Circuit's decision in *Daniel R.R. v. State Bd of Education*, 874 F.2d 1036 (5th Cir. 1989). There, based on the student's diagnosis of Downs syndrome and mental retardation, the school district wanted to place the student into a special-education classroom. *Daniel*, 874 F.2d at 1041. Operating on a limited record with no evidence that such a placement was inappropriate, the Fifth Circuit held that the dispute was not moot because the issue would continually arise for the student regardless of which public school he attended. *Id.*

yet evading review" exception to the mootness doctrine.

## CONCLUSION

For the foregoing reasons, Chase's parents respectfully ask this Court to dismiss VAISD's action as MOOT.

Dated: July 13, 2009

Respectfully submitted,

/s/ Elise Mitchell
Elise Mitchell (lead counsel)
State Bar No. 01478720
Susan D. Motley
State Bar No. 24002655
ADVOCACY INCORPORATED
1420 W. Mockingbird Lane, Suite 450
Dallas, Texas 75247
Tel.: 214-630-0916
Fax: 214-630-3472
emitchell@advocacyinc.org
smotley@advocacyinc.org

Geoffrey S. Harper
J. Nicholas Bunch
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
harper@fr.com
bunch@fr.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 13, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Nick Bunch
Nick Bunch