# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VAN ALSTYNE INDEPENDENT § | |
| SCHOOL DISTRICT § | |
| § | |
| v. § | Case No. 4:09-CV-89 |
| § | Judge Schneider/Judge Mazzant |
| ANDRE S. and SHANNON S., § | |
| as next friends for CHASE S. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants' Motion to Dismiss on Grounds of Mootness (Dkt. #21). Having considered the relevant pleadings, the Court is of the opinion that Defendants' motion should be granted.

### BACKGROUND

This case is an appeal by the Van Alstyne Independent School District ("VAISD") of a special education hearing officer's decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400. Defendants Andre S. and Shannon S., as next friends for Chase S., argue that this case should be dismissed as moot. VAISD argues that the case is not moot, but if the Court rules that VAISD's appeal is moot, the Court should vacate the underlying hearing officer's decision which is the subject of VAISD's appeal.

VAISD is a public school district located in Grayson County, Texas. VAISD, along with other neighboring rural school districts, is a member of the Grayson County Special Education Cooperative ("Co-Op"). The purpose of the Co-Op is to ensure that the member school districts provide appropriate special education services and programs for their students. Chase S. ("Chase") is an eight-year-old student with a speech impediment and mild-to-moderate mental retardation.

Chase attended kindergarten at Van Alstyne Elementary School in the VAISD. In May 2007, near the end of Chase's kindergarten year, the Annual Review and Dismissal ("ARD") committee met to determine Chase's Individualized Education Plan ("IEP") for his first-grade year (2007-2008 school year). VAISD officials sought to move Chase to a "life-skills" program, which is part of the Co-Op, located at Gunter Elementary School in the Gunter Independent School District ("GISD"). Generally, a life-skills program teaches students only those skills necessary to survive in everyday life, such as basic math skills and hygiene. Defendants disagreed with the placement of Chase in the Co-Op. Defendants and VAISD entered into an agreement that would allow Chase to spend three hours in the general education classroom and four hours in a special education classroom.

During Chase's first-grade year, the ARD committee met several times. Each time the district members suggested that Chase be moved to the life-skills program; however, Chase remained on the education plan agreed to by VAISD and Defendants through the end of his first-grade year.

In May 2008, the ARD committee met to discuss Chase's IEP for second grade (2008-2009 school year). The committee again recommended that Chase be placed in a life-skills program, specifically the program located at the Co-Op in GISD. Defendants requested a special education "due process hearing."[1] After a two-day evidentiary hearing, the hearing officer issued a decision on November 24, 2009, finding that VAISD provided Chase with a free appropriate public education ("FAPE"). The hearing officer also ruled VAISD could not place Chase in the Co-Op life-skills classroom in GISD and ordered that VAISD continue Chase's placement in the regular education classroom with resource classroom support at the Van Alstyne Elementary School.

---

[1] Under 20 U.S.C. § 1415(f), either the parents or the school may request an impartial due process hearing regarding any disagreement over the provision of a "free appropriate public education" or "FAPE."

On February 20, 2009, VAISD filed this case in order to appeal the hearing officer's decision. Soon after the commencement of this action by VAISD, Defendants removed Chase from VAISD and placed him in Joe K. Bryant Elementary School within the Anna Independent School District ("AISD"). On March 16, 2009, Defendants filed an answer and a counterclaim for attorney's fees and costs under 20 U.S.C. § 1415(i)(3)(B)(i)(I). Chase's mother is an employee of AISD, which allows children of employees to attend AISD schools even if they do not live in the district. According to Defendants, Chase is doing very well at AISD. A new IEP was formulated in April 2009, which, according to Defendants, is similar to the IEP used in the VAISD, sans any suggestion that Chase be moved to a life-skills classroom or program. Defendants still own a home within the VAISD and Defendants and Chase remain residents of that home in VAISD.

Defendants filed a Motion to Dismiss on Grounds of Mootness (Dkt. #21) on July 13, 2009. The Texas Association of School Boards Legal Assistance Fund filed an Amicus Brief in Response (Dkt. #31) on August 12, 2009. VAISD filed a Response (Dkt. #34) on August 18, 2009. Defendants filed a Reply (Dkt. #35) on August 26, 2009. VAISD filed a Sur-Reply (Dkt. #36) on August 31, 2009.

## ANALYSIS

Defendants argue that this case should be dismissed as moot because Chase no longer attends school in VAISD. Defendants argue that any decision by this Court would be an advisory opinion because it will have no effect on Chase's placement in VAISD as Chase now attends AISD. Further, Defendants argue that none of the exceptions to the mootness doctrine apply. Specifically, Defendants argue that the "capable of repetition yet evading review" exception does not apply because Defendants have no intention of returning Chase to VAISD, and even if Chase should return

to VAISD, Chase's progress and development at his new school shows that the same issue regarding Chase's placement in a "life-skills" classroom would not arise again.

VAISD argues that this case is not moot because Defendants unilaterally and voluntarily withdrew Chase from VAISD in direct response to VAISD filing this appeal. VAISD argues that this case is not moot because Defendants still reside within VAISD and VAISD is statutorily required to allow Chase to re-enroll at any time, which would require VAISD to consider all appropriate educational placements for Chase, including, but not limited to, a life-skills setting. VAISD states that Chase's transfer to AISD is tenuous because his admission is based upon his mother's employment with AISD and available space at the school. According to VAISD, Chase's educational records at AISD show a plan in place that is substantially similar to the educational plan at VAISD, and there is no evidence that Chase's IEP at AISD won't be modified to include more life-skills services should he exercise his statutory right to attend VAISD schools. Essentially, Defendants' disagreement with VAISD over the life-skills placement will likely recur. VAISD urges that Defendants have attempted to unilaterally moot VAISD's appeal by transferring Chase to another school district, yet at the same time still seeking an award of attorney's fees from VAISD under the same decision, which is not an equitable result. Therefore, in the alternative, VAISD argues that should the Court rule that the appeal is moot, then the Court should vacate the underlying decision by the hearing officer.

The Texas Association of School Boards Legal Assistance Fund ("TASB LAF") argues that this case is not moot so long as Defendants retain a claim for attorney's fees. TASB LAF argues that the actual issue in this case concerns VAISD's interpretation of the "least restrictive environment" obligation ("LRE") under IDEA, not Chase's IEP that will be reviewed from year to

year.[2] TASB LAF argues that because Defendants have little control over Chase's continued enrollment in AISD, the conflict over how LRE should be interpreted will reoccur. TASB LAF argues that if this matter is declared moot, a precedent would be set to allow parent-litigants to unilaterally bar a school district's appeal, while enjoying all of the benefits of the administrative decision.

*Mootness*

A motion under Rule 12(b)(1) may be brought for lack of subject matter jurisdiction on the grounds that a claim is moot. Fed. R. Civ. P. 12(b)(1). A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id*. Nonetheless, the Court may rule on an otherwise moot case if the conduct originally complained of is "capable of repetition, yet evading review." *Daniel R.R. v. State Board of Education*, 874 F.2d 1036, 1040 (5th Cir. 1989)(citing *Honig v. Doe*, 484 U.S. 305, 319 (1988)).

VAISD argues that there is a live controversy because Defendants have filed a claim for

---

[2] Under IDEA, school districts are required to educate disabled children in the "least restrictive environment," or LRE, in which they can receive a free appropriate education. *See* 20 U.S.C. § 1412 (5)(B). The term "LRE" is often used interchangeably with the terms "mainstreaming" and "inclusion." *Murray v. Montrose County School Dist.*, 51 F.3d 921, 926 n. 9 (10th Cir. 1995)(citations omitted). Generally, under the LRE requirement, to the maximum extent appropriate, children with disabilities are to be educated in the same classroom as their non-disabled peers, and special classes or separate schooling away from the regular education environment is only appropriate when education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily. 20 U.S.C. § 1412 (5)(A).

attorney's fees incurred in the administrative hearing, but cite no authority in support of this contention. An "interest in attorney's fees is insufficient to create an Article III case or controversy where none exists on the underlying claim." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)(citing *Diamond v. Charles*, 476 U.S. 54, 70-71(1986)). The Court finds that there is not a live controversy between the parties because Chase no longer attends VAISD. Therefore, the Court must determine if any exception to the mootness doctrine applies in this case.

The Court disagrees with VAISD that the issue in this case is "capable of repetition, yet evading review." *Daniel R.R.*, 874 F.2d at 1040 (citations omitted). This exception to the mootness doctrine saves a case from being moot when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). IEP challenges are "ponderous" and generally last longer than the nine-month school year, therefore the Supreme Court has held that the first element of the mootness exception is satisfied in this cases. *Daniel R.R.*, 874 F.2d at 1041 (citing *School Committee of the Town of Burlington v. Dep't of Educ. of the Commonwealth of Massachusetts*, 471 U.S. 359, 370 (1985)).

Chase's IEP for the 2008-2009 school year has been replaced by a new IEP in the AISD. Chase's IEP that is the center of this controversy "was in its duration too short to be fully litigated prior to its cessation or expiration." *Murphy*, 455 U.S. at 482. Therefore, the mootness question in this case will be determined by the second prong of the exception, namely whether a "reasonable expectation" exists that, in the future, VAISD will again subject Chase to an IEP that will deny him a FAPE. This "reasonable expectation" of repetition must be more than a "mere physical or theoretical possibility." *Id*. VAISD argues that consideration of whether to place Chase in the Co-

Op for life-skills education will reoccur, despite the fact that Chase is enrolled in a different school district and has received a new IEP from that school district.

VAISD argues that the controversy in this case is "capable of repetition, yet evading review." VAISD relies upon *Daniel R.R.,* where the Fifth Circuit addressed an exception to the mootness doctrine in reviewing a special education student's IEP after the student had been removed from the school by his parents. *See* RESPONSE at 8. VAISD emphasizes that in ruling that the IEP dispute was a live controversy, the Fifth Circuit stated "[g]iven the parties' irreconcilable views on the issue, whether and to what extent to mainstream Daniel will be an issue every time EPISD prepares a new placement or IEP or proposes to change an existing one. The parties have a reasonable expectation of confronting this controversy every year that Daniel is eligible for school." *Daniel R.R.*, 874 F.2d at 1041. VAISD also argues that *Daniel R.R.* is instructive where the Fifth Circuit states that "neither the expiration of the...IEP, nor Daniel's development over the past two years, nor the new IEP change our conclusion." *Id*.[3] Further, VAISD emphasizes the Fifth Circuit stated "[n]or does [the] recent decision to remove Daniel from the EPISD system render this case moot. Although Daniel no longer attends public school, he remains a citizen of the State of Texas and, thus, remains entitled to a free appropriate education in the state. Given Daniel's continued eligibility under [IDEA], the mainstreaming controversy remains capable of repetition." *Id*.

The Court disagrees with VAISD that *Daniel R.R.* provides that the present controversy is not moot. Unlike Chase, the student in *Daniel R.R.* was enrolled in private school and not enrolled in the Texas public school system. *See Daniel R.R.*, 874 F.2d at 1040. In deciding *Daniel R.R.*, the

---

[3] Defendants argue that *Daniel R.R.* was decided "on a limited record with no evidence of whether Daniel had developed between the time of the administrative hearing and the appeal" and is therefore inapplicable to Chase because of his educational progress and new IEP in AISD. REPLY at 5-6.

Fifth Circuit stated that because Daniel was no longer enrolled in public school, he was not receiving "a free appropriate public education in the state." *Id*. That is not the case in the present controversy. Chase is currently enrolled in AISD, a public school district in the State of Texas, and received a FAPE, which appears to be agreeable to Defendants. The Fifth Circuit disregarded Daniel's new IEP, and any possible development by Daniel since the controversy began, because Daniel had not received a FAPE. Chase, however, has received a FAPE in his new school, and the IEP that is the subject of the hearing officer's opinion has been replaced. There is no continuing controversy because Chase no longer attends school in VAISD and VAISD no longer has authority to modify any IEP involving Chase.

The Court is also not convinced by VAISD's argument that because Chase attends AISD as a transfer student, based on his mother's employment by AISD, that this controversy will likely occur again. *See* RESPONSE at 4. The Supreme Court "has never held that a mere physical or theoretical possibility [is] sufficient to satisfy" the "capable of repetition" exception to the mootness doctrine. *Murphy*, 455 U.S. at 482. "If this were true, virtually any matter of short duration would be reviewable." *Id*. "[T]here must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Id*. Here, VAISD argues that Chase is likely to again attend VAISD because his mother could lose her job or there may not be room for Chase in AISD. This argument is the definition of hypothetical. Hypothetically speaking, Chase's transfer to AISD could be revoked, but VAISD provides no evidence that there is a "reasonable expectation" that this will occur. Further, Defendants clearly state that they have no

8

intention to have Chase attend VAISD in the future.[4]

VAISD also argues that this controversy is not moot because the decision to transfer Chase to AISD was a unilateral decision on the part of Defendants in direct response to VAISD filing this appeal. *See* RESPONSE at 8. VAISD bases this assertion on the principle that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Gates v. Cook*, 376 F.3d 323, 337 (5th Cir. 2004)(citing *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). "The 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Id*. The Court is not convinced by VAISD's argument. VAISD, citing *Hall v. Bd. of Sch. Comm'r of Conecuh County*, 656 F.2d 999, 1001 (5th Cir. 1981), argues that Defendants must "offer more than a mere profession that the conduct has ceased and will not be revised." However, VAISD does not provide, and the Court is not aware of, any authority applying these principles to the parents of a student under IDEA. Therefore, the Court is not convinced that this argument makes this case a live controversy.

For the foregoing reasons, the Court finds that the controversy in this matter is moot.

*Vacatur*

VAISD argues that if this appeal is moot, due to Defendants' removal of Chase from VAISD, then the underlying decision of the hearing officer should be vacated and Defendants should lose their status as "prevailing parties" under IDEA, which would allow them to recover attorney's fees. *See* RESPONSE at 11. There is no longer a rule of automatic vacatur after a finding of mootness on

---

[4] Under *Daniel R.R.*, if Chase had enrolled at a private school while continuing to live in VAISD, this case would not be moot, as Chase would not be receiving a FAPE.

appeal. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 n. 15 (5th Cir. 2009)(citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23-24 (1994)); *Staley v. Harris County, Texas*, 485 F.3d 305, 310 (5th Cir. 2007). Vacatur is an "extraordinary and equitable remedy" that should only be granted after a "fact-specific balancing of the equities between the parties." *Id*.

VAISD asserts allowing an award of attorney's fees in this situation would be an inequitable result and argues that this controversy is moot only because of Defendants' "unilateral and voluntary" actions. *See* SUR-REPLY at 3. As the Court stated above, this controversy is moot based upon Defendants' choice to transfer Chase to AISD. Defendants assert that vacatur is not appropriate because Chase's parents did not unilaterally cause the case to be moot. Chase's parents argue that they were motivated by Chase's best interests. Defendants point to Chase's mother's declaration that she was unhappy with Chase's treatment at VAISD after the hearing decision. Defendants conclude that the decision to withdraw Chase was not an attempt to protect the administrative hearing decision.

The situation before the Court is one where the winning party takes an action that moots the appeal and denies the losing party the opportunity to challenge the decision. Since there is no automatic right to vacatur, the Court must balance the relative interests of the parties. The Court first looks at the reason why Chase was moved to another public school district rendering this case moot. The declaration of Chase's mother states as follows:

> Before the hearing, Chase's behavior was closely watched and each action was marked on a behavior sheet. These sheets were used as evidence during the due process hearing. After the decision, I believed his behavior was watched even more closely. I received a call from the principal about his behavior. His teachers were not helping him, and the comments which I received were largely negative.

> On February 26, 2009, a Constable came to our door at about 9:30 P.M. My husband and I were preparing to go to bed. We were given papers which stated we were sued by the VAISD. It was very frightening. The next day, we withdrew Chase from the district and enrolled him in the Anna I.S.D. where I am employed and therefore am able to send my children to school.

Although Chase's mother believes that Chase is receiving a better education at AISD, the IEP was very similar to the one used at VAISD without the suggestion a life-skills program. Moreover, Chase's mother's declaration supports the notion that the transfer of Chase was a strategic decision made the following day after being served with VAISD's appeal of the hearing decision. It appears that there was intent to avoid review of the administrative hearing decision. There was no move to transfer Chase after winning at the due process hearing on November 24, 2008. Instead, Chase's parents made the decision the day after VAISD served the parents with the present lawsuit. The Court finds that Chase's parents' decision to withdraw Chase from VAISD was a voluntary and unilateral action on their part.

Weighing the equities before us, the Court disposes of this case "in the manner most consonant to justice," *see U.S. Bancorp*, 513 U.S. at 24, and concludes that VAISD has carried its burden of demonstrating an "equitable entitlement to the extraordinary remedy of vacatur." *Id*. at 26. Balancing the relevant considerations and considering the totality of the equities, the Court vacates the hearing decision.

## RECOMMENDATION

Based upon the findings discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss on Grounds of Mootness (Dkt. # 21) be GRANTED. The Court RECOMMENDS that the decision of the hearing officer be VACATED and this case should be DISMISSED with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of February, 2010.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE